UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:24-CV-00730-CRS-RSE

JERRY B.                                                                            PLAINTIFF

v.

FRANK BISIGNANO,                                         DEFENDANT
*Commissioner of Social Security*[1]

## MEMORANDUM OPINION

The Commissioner of Social Security denied Jerry B.'s ("Claimant's") application for disability benefits under Title II of the Social Security Act. Claimant appealed from that decision to this Court pursuant to 42 U.S.C. § 405(g). *See* DN 1. This matter was referred to United States Magistrate Judge Regina S. Edwards for preparation of a report and recommendation. On August 14, 2025, Magistrate Judge Edwards issued her report which recommends that the Commissioner's decision be affirmed (DN 13) (the "Report"). On August 28, 2025, Claimant filed timely Objections to the Report (DN 14). Thus, this matter is now before the court for consideration of Claimant's Objections.

## BACKGROUND

Based on post traumatic stress disorder and other health conditions, Claimant applied for Title II disability benefits on November 9, 2023. His claims were denied initially and on reconsideration. After a telephonic hearing, an administrative law judge ("ALJ") issued a written decision, concluding that Claimant was not disabled within the meaning of the Social Security Act. Claimant requested review by the Appeals Council, but his request was denied. As a result,

---

[1] On May 7, 2025, Frank Bisignano became the Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), he has been substituted for Carolyn Colvin as the defendant in this case.

the ALJ's decision became final and subject to judicial review. 42 U.S.C. §§ 405(g) and (h); 20 C.F.R. § 422.210(a).

## STANDARD OF REVIEW

The court conducts a *de novo* review of the portions of a magistrate judge's report and recommendation to which a claimant has filed timely and specific written objections. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1). Specific objections "pinpoint those portions of the magistrate judge's report that the district court must specifically consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (cleaned up); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The court may accept, reject, or modify, in whole or in part, the findings and recommendations made by Magistrate Judge Edwards. 28 U.S.C. § 636(b)(1)(C).

## ANALYSIS

Claimant has presented one objection to the Report: Magistrate Judge Edwards erroneously required him to develop the administrative record with respect to his VA medical records. Claimant asserts that those records form the basis for the VA's having assigned Claimant "a 100% service-connected disability rating for PTSD as well as multiple other impairments . . . ." Objection, DN 14 at PageID# 523-24. And, according to Claimant, because the ALJ did not have his complete VA medical history, the record in this case was "'plainly inadequate' for the ALJ to issue an unfavorable determination without further inquiry." *Id.* at PageID# 525. As for the error, Claimant maintains that the law requires the ALJ to develop the evidence that girds a VA disability rating and the failure to do so requires remand. *Id.* at PageID# 524. Further, Claimant contends, because Magistrate Judge reached a different conclusion about the ALJ's duty under the law, she erred. *Id.* Claimant cites to a single, unpublished district court decision from Idaho in support of her argument: *Carl A. N. v. Kijakazi*, 2023 WL 1767319 (D. Idaho Feb. 3, 2023).

*Carl* does hold that "an ALJ's duty to develop the record may be triggered where the evidence is insufficient to allow proper consideration of a claimant's VA disability rating." *Id.* at *3. However, the law on which the district court relied in *Carl* to reach this conclusion has been superseded by amended Social Security regulations. The district court relied on *McCartey v. Massanari*, 298 F.3d 1072 (9th Cir. 2002). Under *McCartey*, an ALJ was required to consider the VA's determination in reaching a disability determination and also required to give it "great weight." *Id.* at 1076. Under the new regulations, which apply to claims filed on or after March 27, 2017, the ALJ need not provide "any analysis . . . about a decision made by any other governmental agency" as to whether a claimant is "disabled, blind, employable, or entitled to any benefits." 20 C.F.R. § 404.1504. Accordingly, the new regulation has removed any requirement for an ALJ to discuss another agency's rating. The Ninth Circuit Court of Appeals has reached this very conclusion, acknowledging that *McCartey* has been superseded by the 2017 amendments to the Social Security Administration's regulations. *Kitchen v. Kijakazi*, 82 F.4th 732, 738 (9th Cir. 2023) ("*McCartey*'s theory and reasoning is clearly irreconcilable with the revised regulations.").[2]

Like the court's decision in *Carl*, Claimant's objection to Magistrate Judge Edwards' Report presupposes that the ALJ had a duty to analyze and consider the VA's disability determination. The ALJ did not have such a duty because Claimant made his application after March 27, 2017, and the amended regulations apply. Thus, the ALJ was not obliged to consider the VA's disability determination or to analyze it. Instead, the ALJ's only duty was to "consider all of the supporting evidence" from another agency's records which he received "as evidence . . .

---

[2] In *Carl*, the district court relied on two additional pre-2017 cases, both unpublished: *Zawatski v. Colvin*, 2013 WL 5434581 (D. Ariz. Sept. 27, 2013) and *Lage v. Colvin*, 2016 WL 4136978 (W.D. Wash. Aug. 4, 2016). Both cases relied on *McCartey* and the now invalid premise that the ALJ must consider and give appropriate weight to a VA disability determination.

3

in accordance with § 404.1513(a)(1) through (4)." 20 C.F.R. § 404.1504. Magistrate Judge Edwards correctly noted this obligation and illustrated how the ALJ fulfilled it. Report, DN 13, at PageID# 517-18. Given the applicable amended regulations, contrary to Claimant's objection, it was not error for the ALJ to forgo further development of the record by obtaining Claimant's missing VA medical records. Thus, Magistrate Judge Edwards did not err either.

Moreover, to the extent the ALJ does have a duty to develop Claimant's medical history, Magistrate Judge Edwards' Report demonstrates that the ALJ discharged that duty. Magistrate Judge Edwards explained that the ALJ has a duty to help Claimant develop "his medical history for at least the 12 months preceding the month in which the application is filed by making 'every reasonable effort' to help a claimant obtain medical reports from his medical sources." Report, DN 13, at PageID# 518 (citing 20 C.F.R. §§ 404.1512(b); 404.1545(a)(3)). Magistrate Judge Edwards concluded that the ALJ discharged this duty by making an initial request for evidence from the medical sources identified by Claimant and by making a follow up request. *Id.* at PageID# 519 (citing § 404.1512(b)(1)(i) (defining "every reasonable effort" to constitute same). Claimant has not shown that these standards do not apply here or that the magistrate judge erred in her factual recounting of the ALJ's efforts to develop the record as required. Thus, Claimant has not shown that Magistrate Judge Edwards erred.

Accordingly, Claimant's Objections **(DN 14)** are **OVERRULED** and Magistrate Judge Edwards' well-reasoned Findings of Fact, Conclusions of Law and Recommendation **(DN 13)** are **ADOPTED** in their entirety as the opinion of the Court and are incorporated by reference herein.

A separate judgment will be entered contemporaneously with this Order.

There being a no just reason for delay, this is a **final Order**.

September 25, 2025



Charles R. Simpson III, Senior Judge
United States District Court